UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:25-CR-130 |
| | ) | JUDGE CORKER |
| CAYDEN BROCK NEWBERRY | ) | JUDGE WYRICK |

## PROTECTIVE ORDER FOR DISCOVERY DISCLOSURE

The United States has filed a motion requesting entry of a Protective Order pursuant to Fed. R. Crim. P. 16(d). In considering the motion filed and the record as a whole, the Court finds that the documents that have been, and will be, made available to Defendant by the United States as discovery and in preparation for trial in this case contain confidential information protected by Fed. R. Crim. P. Rule 49.1, including dates of birth, home addresses, social security numbers, and documents containing other personal identifying information. Additionally, pursuant to 18 U.S.C. § 3509 and because this case involves an offense against children, the Child Victims' and Child Witnesses' Rights Act applies. As such, the Court **ORDERS** as follows:

1. Before defense counsel disseminates or otherwise discloses to any person, including the attorney's client, any discovery material or other information that contains confidential information referenced in Fed. R. Crim. P. 49.1, the attorney shall redact that information from any copies, and shall not otherwise disclose that confidential or personal identifying information. Notwithstanding the foregoing, the attorney may provide unredacted copies or otherwise disclose such information to investigators or experts retained by the attorney, although the attorney shall unequivocally instruct

those individuals that they are no less subject to this protective order than is the attorney.

2. In accordance with the privacy protection measures mandated by 18 U.S.C. § 3509(d) and in order to protect the victims' privacy in this matter, both parties are ordered to keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and to only disclose these documents to persons who, by reason of their participation in the proceeding, have reason to know such information.

3. If the attorney believes it necessary to furnish unredacted copies of discovery to anyone else, or to otherwise disclose confidential or personal identifying information as described in Fed. R. Crim. P. 49.1 and 18 U.S.C. § 3509 to any other person, the attorney shall file a motion with this Court requesting permission to do so, and shall give the person to whom that information applies notice of the motion and the date on which the motion will be presented to the Court.

**SO ORDERED:**

/s/Cynthia Richardson Wyrick
United States Magistrate Judge